UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:23-cv-02072-ACC-EJK

HOWARD COHAN,

    Plaintiff,

vs.

DW MLB H OWNER LLC,
a Foreign Limited Liability Company,
d/b/a HILTON MELBOURNE BEACH
OCEANFRONT

    Defendant(s).
_____/

## PLAINTIFF, HOWARD COHAN'S, MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT, DW MLB H OWNER LLC

Plaintiff, HOWARD COHAN, by and through undersigned counsel and pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, hereby requests entry of a Final Default Judgment against Defendant, DW MLB H OWNER LLC, a Foreign Limited Liability Company, d/b/a HILTON MELBOURNE BEACH OCEANFRONT ("Defendant"). In support of this request, Plaintiff relies upon the record of this case and supporting documents submitted herewith.[1]

## FACTUAL ALLEGATIONS

---

[1] A Declaration of Gregory S. Sconzo and an Affidavit of Time and Costs are attached hereto as Exhibit "1" in support of this Motion. An Affidavit of ADA Expert Giovannia Paloni is attached hereto as Exhibit "2" in support of this Motion.

1

Plaintiff is an individual with numerous disabilities including spinal stenosis, which causes a restriction to his spinal canal, resulting in a neurological deficit. Defendant is the lessee, operator, owner and/or lessor of the real property that is subject to this suit, and is located at 3003 N Highway A1A, Melbourne, Florida 32903 ("Premises") and is the lessee, operator, owner and/or lessor of the improvements where the Premises is located.  The Premises consist of a Hotel, to wit: HILTON MELBOURNE BEACH OCEANFRONT, and qualifies as a place of public accommodation that is required to comply with the Americans with Disabilities Act ("ADA"). At the time of Plaintiff's visit to the Premises on July 22, 2021 and September 28, 2023 (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA.  While at the Premises, Plaintiff encountered violations of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq. that included Defendant's failure to provide fully accessible restrooms ("Violations").

On or about January 25, 2022, Plaintiff and Defendant entered into a Settlement Agreement and Release in connection with a Prior Action (*HOWARD COHAN v. DW MLB H OWNER LLC*, 6:21-cv-01773-ACC-GJK (M.D. Fla.)) that arose out of Plaintiff's claim of discrimination caused by certain barriers encountered by Plaintiff on Defendant's property during Plaintiff's July 22, 2021

visit. The Settlement Agreement and Release required Defendant to complete all modifications to the Premises by on or about April 25, 2023.

Plaintiff again personally visited Defendant's Premises on September 28, 2023 (and prior to instituting this action). During his visit to the Premises, Plaintiff suffered from a "qualified disability" under the ADA. Plaintiff again encountered violations of 42 U.S.C. §12182 et. seq. and the 2010 American Disabilities Act Standards et. seq. that included Defendant's failure to provide fully accessible restrooms and fully accessible and properly marked parking for individuals with disabilities, ("Violations"). The specific Violations as alleged in the Complaint are as follows:

**Unisex Restroom**
    a. Failure to provide an accessible restroom for individuals with disabilities in violation of 2010 ADAAG §§ 603, 604, 605, and 606

**Men's Restroom Near Laurel - GENERAL**
    b. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.
    c. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1.
    d. Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1 306.3, 606 and 606.2
    e. Providing sinks and/or countertops that are greater than the 34 inch maximum allowed above the finished floor or ground in violation of 2010 ADAAG §§606 and 606.3.
    f. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.

    g. Failure to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.
    h. Failure to provide the correct height for a table surface or for a baby changing table, in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards.
    i. Failure to provide soap dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308. (tissue box)

**Men's Restroom Near Laurel - ACCESSIBLE STALL**
    j. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (trash can)
    k. Failure to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of 2010 ADAAG §§ 606, 606.1, 308 and 308.2.2.
    l. Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308. (door handle)
    m. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.
    n. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.
    o. Providing an element or object that protrudes greater than 4" into a pathway or space of travel situated between 27" and 80" high in violation of 2010 ADAAG §§ 204, 307, 307.1, 307.2.
    p. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.
    q. Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1 and 609.3.
    r. Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308. (door lock)

**Restroom at Pool Area**
    s. Failure to provide an accessible restroom for individuals with disabilities in violation of 2010 ADAAG §§ 603, 604, 605, and 606

**Disabled Parking**
    t. Failure to provide painted sign(s) on the ground for disabled parking in violation of 2010 ADAAG §§ 502 and 502.6.

As stated above, Defendant had a duty to complete these modifications pursuant to the Settlement Agreement and Release by on or about April 25, 2023. In addition to having violations of the ADA, Defendant has breached the Settlement Agreement and Release as displayed by Defendant's failure to correct the these agreed upon violations.

Plaintiff intends to return and enjoy the goods and/or services at the Premises on a spontaneous, full and equal basis. However, Plaintiff is precluded from doing so by Defendant's failure and refusal to rectify the Violations and provide persons with disabilities, such as Plaintiff, with full and equal access to Defendant's facilities at the Premises. Due to Defendant's failure to rectify the Violations, Plaintiff continues to suffer from discrimination and injury that can only be rectified through the relief sought herein. Defendant's failure to rectify the Violations that exist at the Premises was done in violation of the ADA and thus Plaintiff is entitled to injunctive relief and his attorneys' fees and costs associated with the instant litigation.

## **LEGAL CLAIMS**

To state a claim under the ADA a plaintiff must allege (1) he is an individual with a disability; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant discriminated against the plaintiff within the

meaning of the ADA. *Norkunas v. Seahorse NB, LLC*, 444 Fed. Appx. 412, 416 (11th Cir. 2011) (citing 42 U.S.C. 12182(a)). Here, Plaintiff has more than adequately alleged that he suffers from a qualified disability under the ADA. [D.E. 1 at ¶ 7]. Further, Plaintiff has sufficiently alleged that Defendant owns, leases or operates a place of public accommodation. [D.E. 1 at ¶¶ 5, 6, and 9]. Here, Defendant is operating a place of public accommodation, as the Premises is used as a hotel, and thus Defendant was required to rectify the Violations and maintain the Premises in compliance with the ADA. *See* 42 U.S.C. §1281(7)(A). Finally, Plaintiff alleges that Defendant discriminated against him within the meaning of the ADA and provides the exact provisions of the ADA that Defendant has violated. [D.E. 1 at ¶ 36]. Plaintiff has clearly stated a claim for relief under the ADA.

Plaintiff has also clearly stated a claim for Breach of Contract, namely the parties' settlement agreement. Federal common law has established that a settlement agreement is an enforceable contract between the parties to the underlying litigation. *See Key v. AllState Ins. Co.*, 90 F.3d 1546,1549 (11th Cir. 1996); *Hall v. Burger King Corp.*, 912 F.Supp. 1509,1520 (S.D. Fla. 1995). Moreover, this Court favors compromise and settlement since it is in the best interest of the forums and the parties that there be an end to litigation. *See Reed v. U.S.*, 717 F.Supp. 1511, 1514 (S.D. Fla. 1988). Based on these agreed-upon terms, the parties entered into an enforceable

agreement. *See Sands v. Wagner & Hunt, P.A.,* No. 09-60557-CIV, 2009 WL 2730469, at *3 (S.D. Fla. Aug. 28, 2009).

Plaintiff has sufficiently alleged that settlement agreement was negotiated between Plaintiff and Defendant, on or about January 25, 2022, and has attached an executed copy of the settlement agreement. [D.E. 1 at ¶ 47; D.E. 1-3 Exhibit A]. Plaintiff alleges that he has complied with all conditions precedent to be performed by him under the Agreement. [D.E. 1 at ¶ 48]. Notwithstanding, Defendant failed to provide the agreed upon modifications pursuant to the Settlement Agreement and has failed to correct the agreed upon violations under ADA guidelines. [D.E. 1 at ¶49]. Accordingly, Defendant has breached the agreed terms and conditions of the Settlement Agreement and Release.

Additionally, where a plaintiff is seeking injunctive relief, as has occurred in this matter, said plaintiff must also show that there is a real and immediate threat of future injury. *Stringham v. 2921 Orlando Drive, LLC*, 2014 WL 2215769 (M.D. Fla. 2014) (citing *Shotz v. Cates*, 256 F. 3d 1077, 1081 (11th Cir. 2001). Here, Plaintiff alleges that if Defendant modifies the Premises to comply with the ADA, then Plaintiff will be given equal access to and equal enjoyment of the facilities at the Premises and his injury-in-fact will be redressed. [D.E. 1 at ¶¶ 17 through 22]. Additionally, Plaintiff, a bona fide patron of the Premises, alleges that he will avail himself of the services offered at the Premises in the future, provided that Defendant

7

modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities. [D.E. 1 at ¶¶ 17 through 22]. Thus, Plaintiff has alleged that he suffered an injury-in-fact as a result of Defendant's failure to comply with the ADA and that the injury-in-fact can be rectified through Court intervention, which will alleviate the real and immediate threat of Plaintiff being subjected to future injury in the form of Plaintiff being denied equal access and equal enjoyment of the public accommodations at both Premises. Plaintiff is clearly entitled to the relief sought.

Lastly, Plaintiff has made a demand for attorneys' fees and costs associated with this matter. As Plaintiff is the prevailing party in this matter, Plaintiff is entitled to a recovery of his reasonable attorneys' fees and costs associated with this matter and requests same. *See* 42 U.S.C. §12205.

## DAMAGES

Plaintiff has been damaged by Defendant's failure to maintain the Premises in compliance with the ADA. Due to Defendant's failure, Plaintiff is entitled to injunctive relief requiring Defendant to modify its Premises and rectify the Violations at said Premises so that the Premises is in compliance with the ADA. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including entering an order requiring Defendant to alter the Premises to make it readily accessible to and useable by individuals with

disabilities to the extent required by the ADA and closing the Premises until the requisite modifications are completed. Furthermore, Plaintiff seeks an award of his attorneys' fees and costs in the amount of Seven Thousand and Twenty-Two Dollars and Seventy Cents ($7,022.70). (See Exhibits 1 and 2 for detailed breakdown of attorney fees and costs). As Plaintiff is the prevailing party in this matter, Plaintiff is entitled to a recovery of his reasonable attorneys' fees and costs associated with this matter. *See* 42 U.S.C. §12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

1. This Court declare that the Premises owned, operated and/or controlled by Defendant is in violation of the ADA;

2. This Court enter an Order requiring Defendant to alter its Premises to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA by rectifying the following ADA Violations within six (6) months:

    **Unisex Restroom**
    a. Failure to provide an accessible restroom for individuals with disabilities in violation of 2010 ADAAG §§ 603, 604, 605, and 606
    
    **Men's Restroom Near Laurel - GENERAL**
    b. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.
    c. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

 d. Failure to provide proper knee clearance for a person with a disability under a counter or sink element in violation of 2010 ADAAG §§ 306, 306.1 306.3, 606 and 606.2
 e. Providing sinks and/or countertops that are greater than the 34 inch maximum allowed above the finished floor or ground in violation of 2010 ADAAG §§606 and 606.3.
 f. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.
 g. Failure to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.
 h. Failure to provide the correct height for a table surface or for a baby changing table, in violation of 2010 ADAAG §§902, 902.1, 902.2, 902.3, and/or §4.32.4 of the 1991 ADA Standards.
 i. Failure to provide soap dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308. (tissue box)

**Men's Restroom Near Laurel - ACCESSIBLE STALL**
 j. Failure to provide sufficient clear floor space around a water closet without any obstructing elements in this space in violation of 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1. (trash can)
 k. Failure to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of 2010 ADAAG §§ 606, 606.1, 308 and 308.2.2.
 l. Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308. (door handle)
 m. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.
 n. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.
 o. Providing an element or object that protrudes greater than 4" into a pathway or space of travel situated between 27" and 80" high in violation of 2010 ADAAG §§ 204, 307, 307.1, 307.2.
 p. Failure to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of 2010 ADAAG §§ 604, 604.7 and 309.4.

    q. Failure to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of 2010 ADAAG §§ 609, 609.1 and 609.3.

    r. Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308. (door lock)

**Restroom at Pool Area**

    s. Failure to provide an accessible restroom for individuals with disabilities in violation of 2010 ADAAG §§ 603, 604, 605, and 606

**Disabled Parking**

    t. Failure to provide painted sign(s) on the ground for disabled parking in violation of 2010 ADAAG §§ 502 and 502.6.

3. The Court declare that DW MLB H OWNER LLC is in Breach of the Settlement Agreement and Release entered into on January 25, 2022, in connection with a Prior Action *HOWARD COHAN v. DW MLB H OWNER LLC,* 6:21-cv-01773-ACC-GJK (M.D. Fla.))

4. This Court enter an Order directing Defendant to evaluate and eliminate its policies, practices and procedures toward persons with disabilities within six (6) months;

5. This Court award reasonable attorney's fees, all costs in the amount of Seven Thousand and Twenty-Two Dollars and Seventy Cents ($7,022.70), and

6. This Court award such other and further relief as it may deem necessary, just and proper.

Dated: March 26, 2024

                                                  By: **/s/ Gregory S. Sconzo**
                                                  GREGORY S. SCONZO, ESQ

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 26, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Defendant's Registered Agent via US Mail at:

DW MLB H OWNER LLC
c/o CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

        **Sconzo Law Office, P.A.**
        3825 PGA Boulevard, Suite 207
        Palm Beach Gardens, FL 33410
        Telephone: (561) 729-0940
        Facsimile: (561) 491-9459

        By: **/s/ Gregory S. Sconzo**
        GREGORY S. SCONZO, ESQ
        Florida Bar No.: 0105553
        **Primary Email:** greg@sconzolawoffice.com
        **Alternate Email:** perri@sconzolawoffice.com